### LOUD *v.* DEACON.

HIGHWAYS AND STREETS—SECTION LINES—LAYING OUT—INJUNCTION—EVIDENCE.

In proceedings to restrain defendant from laying out a highway along a quarter line from the section center, according to a survey made by the highway commissioner, also

189 Mich.—12.

involving the discontinuance of an existing highway claimed not to have been located on the correct line, *held*, that the finding of the trial court that the proposed highway was not located correctly but south of the true quarter line, by mistake, was supported by competent evidence, that it justified a decree granting an injunction against the establishing of the highway.

Appeal from Alcona; Connine, J. Submitted October 12, 1915. (Docket No. 42.) Decided December 21, 1915.

Bill by H. Nelson Loud, Charles Wallace, and Culver Van Alstyne against Frank Deacon, Louis Clouse, John W. Ferguson, George Sampson, Charles Aldrich, and James Aldrich to restrain defendant Deacon from laying out a highway. From a decree for complainants, defendants appeal. Affirmed.

*Henry, Henry & Henry*, for complainants.

*John A. Stewart* (*Charles A. Jahraus*, of counsel), for defendants.

OSTRANDER, J. The petition for the laying out of a highway described the proposed highway as "commencing at the center of section 26, and running half a mile east on surveyed line." Before the petition was filed, the highway commissioner had caused a survey to be made. Prior to the laying out of the highway in question, there had been a highway by user running east and west north of the line of the disputed highway. Certain persons, claiming that the highway was not on the quarter line, but ran north of it and on their land, procured the discontinuance of it and petitioned for the laying out of the one in dispute, claiming its route is along the true quarter line. Complainants collectively own the north half of south half of section 26, and defendants other than the highway commissioner

own the south half of north half of the section. Complainants filed the bill to enjoin the laying out of the new highway. There was a decree in their favor.

The court found, first:

"That the discontinuing of the old highway and the laying out of the new one were all upon the theory and claim that the old highway was not upon the quarter line; that, therefore, it should be discontinued, and a new one laid out upon the quarter line. It is conceded by the complainants that the proceedings to lay out the highway in question were regular."

The court finds the questions involved to be: Is the highway upon the true quarter line? If not, can it be enjoined, the regularity of the proceedings being conceded? The first question the court answered in the negative, finding that the original quarter post could easily be located by field notes and other unquestionable testimony. The second question was answered in the affirmative, and the reasons given as the following:

"The defendant commissioner was attempting to establish a new highway upon this quarter line, but he made a mistake as to the line. This is not the case of an attempt to establish a highway upon some line other than the quarter line, so that question need not be considered.

"The commissioner has not located this highway upon the correct quarter line, but has located it elsewhere, by mistake. This highway as established does not run upon the quarter line, but runs south of that line and over and upon complainants' lands; it does not run where the commissioner's petition asked to have a highway located, nor where his answer in this case alleges it runs. The complainants' lands have been taken without due process of law. It is not suggested by defendants that complainants had an adequate remedy at law, and it is difficult to see where they had such remedy."

In this court the defendants, appellants, make two contentions. One of them is that the corner (quarter

post) at the center of section 26 was lost and had to be and was re-established by the survey relied upon by the highway commissioner. The other is that if it is in fact north of the point established by said survey, and if the proposed highway does not run on the true quarter line, it is also true that highways may be laid out without following quarter lines, and the proceeding is a lawful one. From the answer of defendants it cannot be doubted that the highway commissioner is proposing and attempting to lay out a highway on the true quarter line as determined by the United States survey, and there is no doubt that he believed, and is in fact asserting, that the true quarter line is the line established by the recent survey. Therefore, he construed the petition which set his department in motion as a petition for a highway upon the quarter line of the section. This would seem to remove from consideration appellants' second contention, namely, that whether it is or is not on the true quarter line, the highway may nevertheless be laid out. Appellants' refer to 2 Comp. Laws, § 4040, which provides that when a highway shall be laid out parallel to and within half a mile of an already existing highway, the damages for any lands taken shall not be estimated at less than the value of such lands for general farming purposes. In view of the petition for the highway, and the answer of defendants, the point whether a highway commissioner may lay out a highway not on a quarter line does not seem to be involved. An examination of the record shows that the second conclusion of the court below is abundantly sustained by evidence.

The decree must be affirmed, with costs to appellees.

BROOKE, C. J., and PERSON, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.